IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MEESHAR CLARK, | ) | |
|     Petitioner, | ) | Civil Action No. 10-204 Erie |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| RAYMOND J. SOBINA, et al., | ) | |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [ECF No. 11] be granted and that Claims 2 through 6 be dismissed with prejudice because they are procedurally defaulted and Claim 1 be denied on the merits. It is further recommended that a certificate of appealability be denied.

**II.     REPORT**[1]

Petitioner Shawn Meeshar Clark is a state prisoner who is currently incarcerated at the State Correctional Institution Smithfield, which is located in Huntingdon, Pennsylvania. Before the Court is Clark's Petition For Writ Of Habeas Corpus [ECF No. 1], which he has filed pursuant to 28 U.S.C. § 2254. He raises the following claims:

> Claim 1    "Ineffectiveness of counsel for failing to challenge resentencing as constitutionally unsound and for double jeopardy and vindictiveness of trial court."

---

[1] Respondents have submitted all relevant transcripts and the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

| | |
|---|---|
| Claim 2 | Prosecutorial misconduct: "prosecution made inflammatory comments, vouched for witness, and withheld a deal for leniency with a prosecution witness." |
| Claim 3 | "Ineffectiveness of counsel … for failing to call several defense witnesses who would have testified that Petitioner had nothing to do with the crime which occurred, in direct opposition to the Commonwealth witness." |
| Claim 4 | "Counsel failed to argue that Petitioner's conviction for aggravated assault was unfounded in law" because there was an absence of malice, which is an element of that offense. |
| Claim 5 | "Trial counsel failed to introduce evidence of a body wire worn by Petitioner's close friend showing that Petitioner's own words proved his innocence." |
| Claim 6 | "Trial counsel failed to let Petitioner testify on his own behalf, improperly advising him not to testify, due to trial counsel's supposed belief that Petitioner had a prior murder conviction. Petitioner has no prior murder convictions." |

[ECF No. 1 at pp. 5-16].

### A.    Relevant Background

On April 21 2004, an Erie County jury convicted Clark of second degree (felony) murder with robbery as the underlying offense; robbery; aggravated assault; conspiracy to commit robbery; carrying a firearm without a license; and corruption of a minor. Daniel Brabender, Esquire, was his attorney. The Common Pleas Court sentenced him to life imprisonment on his murder conviction and an aggregate sentence of 85 months to 32 years of imprisonment on the other convictions, as follows: (1) criminal conspiracy: 5-10 years; (2) robbery: merged with criminal homicide; (3) carrying a firearm without a license: 14 months-7 years; (4) aggravated assault: merged with criminal homicide; (5) corruption of minors: 11-60 months.

2

On direct appeal, and through new counsel William J. Hathaway, Esquire, Clark contended, *inter alia*, that there was insufficient evidence introduced at his trial to support his convictions for robbery and criminal conspiracy to commit robbery. He also argued that because there was insufficient evidence of robbery, his felony murder conviction should be vacated. The Superior Court of Pennsylvania agreed and vacated those three convictions. Because its decision affected the sentencing scheme set forth by the trial court, the Superior Court also vacated Clark's judgment of sentence and remanded for resentencing on his remaining convictions for aggravated assault, carrying a firearm without a license, and corruption of a minor. (CP Dkt. No. 39, Commonwealth v. Clark, No. 1178 WDA 2004, slip op. (Pa.Super. Nov. 22, 2005) "Clark I").

On October 24, 2006, the Common Pleas Court resentenced Clark to an aggregate term of 11 ¼ to 30 years of imprisonment, as follows: (1) carrying a firearm without a license: 24 months; (2) aggravated assault: 96-240 months; (3) corruption of minors: 15-60 months. In its subsequent Rule 1925(b) Opinion, the court rejected Clark's contention that it could not re-sentence him in the aggravated range for carrying a firearm without a license and aggravated assault because it had not originally sentenced him in that range. It observed:

> When the Superior Court remanded for re-sentencing, re-sentencing was ordered on all remaining counts. [Clark I,] at 9. The Court has available at re-sentencing all of the original sentencing options.
> ----
>
> In accordance with 42 Pa.C.S.A. § 9721 303.13(c), the aggravating factors were explained during the Appellant's re-sentencing hearing: [quoting from 10/24/06 Hr'g Tr. at pp. 19-21].
>
> As the record reflects, there were several aggravating factors in fashioning Appellant's re-sentence. These considerations included Appellant's prior criminal convictions for carrying a weapon and for committing an assault with a deadly weapon; the fact Appellant was just released from incarceration and was under supervision at two different and unrelated criminal dockets when he committed these offenses; and the facts of this case, including Appellant use of a gun to kill

3

> an unarmed man without any provocation. Appellant's history shows he poses a clear and present danger to the community. Further, he is very likely to commit another crime, particularly one of violence.
>
> This case was in a different sentencing posture after the remand. Originally, Appellant was convicted of Second Degree Murder and a sentence of life imprisonment was imposed. Hence, in fashioning a sentence on the other counts, consideration was given to the fact Appellant was already serving a life sentence. When the murder conviction was vacated, it changed the sentencing equation. Obviously, the Superior Court recognized this change when it stated: "[b]ecause this disposition affects the sentencing scheme set forth by the trial court, we vacated Appellant's judgment of sentence and remand for re-sentencing on Appellant's remaining convictions." [Clark I], at 8.
>
> At re-sentencing, the community was not protected from Appellant by the life imprisonment sentence. Hence, a sentence was fashioned to provide significant protections to the community from Appellant's proven propensity to carry and use a firearm and commit assaults. The aggravating factors were created by Appellant. Notably, Appellant cannot refute the factual basis for each of the aggravating factors.

(CP Dkt. No. 48, Commonwealth v. Clark, No. 3473 A&B of 2003, slip op. at pp. 4-7 (C.P. Erie Jan. 22, 2007)).

Clark, through Hathaway, filed an appeal with the Superior Court in which he claimed that: (1) his resentence violated his protection against double jeopardy; and (2) the trial court committed legal error by sentencing him within the aggravated range. On September 21, 2007, the Superior Court issued a Memorandum in which it rejected Clark's claims and affirmed his judgment of sentence. (CP Dkt. No. 49, Commonwealth v. Clark, No. 2266 WDA 2006, slip op. (Pa.Super. Sept. 21, 2007) "Clark II"). Clark did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On or around February 2, 2008, Clark filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which it appears that he raised all of the claims that he now raises in the instant habeas petition. (See CP Dkt. Nos. 50-51). The PCRA Court

4

appointed Allen J. Adams, Esquire, to represent Clark, and it presided over hearings on his claims on June 23, 2008, July 30, 2008, September 19, 2008, and October 13, 2008.[2]

On December 19, 2008, the PCRA Court denied Clark's *pro se* PCRA motion and issued a 49-page Opinion in which it explained its reasoning for so doing. (CP Dkt. No. 66, Commonwealth v. Clark, No. 3473 A&B of 2003, slip op. (C.P. Erie Dec. 19, 2008)).

Clark petitioned for appointment of new appellate counsel, which the court granted. It appointed Dennis V. Williams, Esquire, and directed him to file a Rule 1925(b) Concise Statement of Matters Complained of on Appeal, which he did. (CP Dkt. Nos. 80-81). On June 12, 2009, the PCRA Court issued its Rule 1925 Opinion in which it determined that all claims raised should be dismissed as either previously litigated on direct appeal and/or meritless. (CP Dkt. No. 84, Commonwealth v. Clark, No. 3473 A and B of 2003, slip op. (C.P. Erie June 12, 2009)).[3]

On or around July 31, 2009, Attorney Williams filed with the Superior Court the Brief for Appellant. Williams acknowledged that most of the claims that Clark had raised before the PCRA Court had no merit, and opted to proceed only with the following two claims in which he challenged Attorney Hathaway's representation of Clark during the direct review that followed his re-sentencing:

> Issue 1    Was counsel ineffective for failing to provide support for the contention that the re-sentencing of the Appellant was violative of the double jeopardy clause of the constitution or violative of the due process clause?
>
> Issue 2    Was counsel ineffective for failing to aggressively pursue whether or not a sentence greater in duration than an original sentence, imposed upon re-sentencing after appeal, was vindictive?

---

[2] Although Respondents state that Attorney Adams filed an amended PCRA motion, there is no evidence of that in the Common Pleas Court's file. The record does show that the PCRA Court evaluated the claims Clark had himself raised in his *pro se* PCRA motion, and not those raised by counsel in an amended PCRA motion.

[3] Pages 7 and 8 are missing from the PCRA Court's Rule 1925 Opinion. It appears that those two pages contain analysis of claims that are not at issue in this proceeding and therefore this Court does not require them.

5

(*Brief For Appellant* in Commonwealth v. Clark, No. 87 WDA 2009 at pp. 11, 16-22 (Pa.Super. July 31, 2009). Read together, those two issues set forth the same contentions that Clark raises in the instant habeas petition as Claim 1.

On February 22, 2010, the Superior Court issued a Memorandum in which it affirmed the denial of PCRA relief. (CP Dkt. No. 90, Commonwealth v. Clark, No. 87 WDA 2009, slip op. (Pa.Super. Feb. 22, 2010) "Clark III"). Clark next filed this Petition for Writ of Habeas Corpus with this Court, in which he raises the six claims set forth above. Respondents have filed a motion to dismiss. [ECF No. 11]. They argue that Claims 2 through 6 should be dismissed because Clark did not properly present them, or "exhaust" them, before the Superior Court and, therefore, they are procedurally defaulted. With respect to the only claim that Clark did exhaust (Claim 1), they argue it should be denied under the applicable standard of review, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified at 28 U.S.C. § 2254(d).

For the reasons set forth below, it is recommended that Respondents' motion be granted, that Claims 2 through 6 be dismissed with prejudice because they are procedurally defaulted, and that Claim 1 be denied on the merits.

### B. Discussion

#### (1) Claims 2 Through 6 Are Procedurally Defaulted

##### (a) The Exhaustion Requirement

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513

(3d Cir. 1997). This "exhaustion" doctrine is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it *to each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 232-33 (3d Cir. 2004).

As set forth above, of the many federal constitutional claims that Clark raises before this Court, he failed to raise all but one of them to the Superior Court. Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 163.

7

Requiring Clark to return to state court to attempt to litigate his unexhausted claims would be "futile" because he is foreclosed from doing so under Pennsylvania law. The PCRA expressly limits the availability of relief and requires, with few exceptions not applicable here, that a post-conviction petition be filed within one year of the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Since more than one year has passed since Clark's judgment of sentence became final, any PCRA motion that he might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts. Additionally, if Clark returned to state court to attempt to litigate the claims at issue in another PCRA motion, the state court likely would determine that he waived the claims. See 42 Pa.C.S. § 9544(b). Accordingly, it would be "futile" for Clark to return to state court and attempt to litigate his unexhausted habeas claims.

**(b)     Procedural Default**

A finding by a district court that exhaustion is "futile" often results, as it does here, in a finding that the claims at issue are barred from federal habeas review. The Court of Appeals for the Third Circuit has repeatedly instructed that "claims deemed exhausted because of a state procedural bar are procedurally defaulted." Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts to decline to address the

8

federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488 (1986).[4]

Clark points to Attorney Williams' decision not to raise Claims 2 through 6 in his PCRA appeal as "cause" for his default. His argument fails for two separate reasons. First, an attorney's decision not to raise a claim on appeal is not the type of conduct that satisfies the "cause" requirement. As the Third Circuit Court has stated:

> Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim. Generally, "cause" cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, *or failed to raise the claim despite recognizing it*, does not constitute cause for procedural default." [Murray v. Carrier, 477 U.S. at 486]. Indeed, in Coleman v. Thompson, 501 U.S. 722 [ ] (1991), the Court addressed . . . the effect of a litigant's inadvertent failure to take a timely appeal in a state collateral proceeding. The Court, applying Murray v. Carrier, concluded that an "ignorant or inadvertent procedural default" does not satisfy the cause element of cause and prejudice. Coleman, 501 U.S. at 752[.]

Cristin, 281 F.3d at 420 (emphasis added).

---

[4] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. It is not applicable to Clark's case.

Second, while the Supreme Court has recognized that attorney error which amounts to ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668 (1984) can constitute cause for relief from procedural default, Coleman, 501 U.S. at 753-54, in this case Clark cannot rely on any argument that Attorney Williams' was ineffective in order to avoid procedural default. That is because to qualify as "cause" for a procedural default, an attorney's ineffectiveness must rise to the level of a federal constitutional violation. Coleman, 501 U.S. at 753-54. Because Clark had no federal constitutional right to representation during his PCRA proceedings, any alleged ineffectiveness on Attorney Williams' part cannot establish cause for the procedural default. Cristin, 281 F.3d at 420, citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Coleman, 510 U.S. at 752.

In conclusion, Claims 2 through 6 are procedurally defaulted and should be dismissed with prejudice for that reason.

### (2) Claim 1 Is Without Merit

#### (a) Standard Of Review

The only claim of Clark's that this Court may review on the merits is Claim 1, since that is the only claim he properly exhausted. Because the Superior Court rejected this claim on the merits, this Court's analysis of it is governed by AEDPA's standard of review, which modified "a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As codified at 28 U.S.C. § 2254(d), AEDPA restricts a federal court's authority to grant relief when, as is the case here, the state court has "adjudicated on the merits" the petitioner's federal constitutional claims. In such cases, federal habeas relief may only be granted when the state court's

adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert, 387 F.3d at 234.[5] Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388, 1398-1401 (2011). As the Supreme Court recently observed:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786-87 (2011).

Under AEDPA, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786, quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). This means that "a habeas court must determine what arguments or theories supported or [when the state court

---

[5] "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 405-06. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular…case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 407.

11

summarily disposes of a claim] could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the [United States Supreme] Court." Id.

The "clearly established Federal law" for AEDPA purposes in which to analyze Clark's claim the Attorney Hathaway provided him with ineffective assistance in his Superior Court appeal is set forth in Strickland v. Washington, 466 U.S. 668 (1984).[6] Under Strickland, Clark first must show that Attorney Hathaway's representation fell below an objective standard of reasonableness. 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. The law presumes that Hathaway was effective. Id. at 689 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). The Third Circuit Court has explained that it is "only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997), quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989). Strickland also requires Clark to demonstrate that he was prejudiced by Hathaway's alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of [his appellate] proceeding would have been different." Id. at 694. This means that Clark must show that there is a reasonable probability that, but for Hathaway's alleged ineffectiveness, the Superior Court would have reversed his judgment of sentence in Clark II and ordered a remand. See United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000).

---

[6] The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. See Evitts v. Lucey, 469 U.S. 387 (1985). Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard. Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004).

**(b) Analysis**

The Superior Court applied the correct legal standard when it evaluated this claim. (CP Dkt. No. 90, Clark, No. 87 WDA 2009, slip op. at p. 3, citing Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999) (stating that the legal standard for evaluating ineffective assistance claims in a PCRA proceeding is the same as the federal Strickland standard)). Therefore, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1). See Williams, 529 U.S. at 406.

Thus, the only remaining question for this Court to decide is whether the Superior Court's adjudication of this claim was an "unreasonable application of" Strickland. 28 U.S.C. § 2254(d)(1). In conducting this analysis the Court is cognizant that:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. at —, 129 S.Ct. 1411, 1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 131 S.Ct. at 788.

At the outset of the Superior Court's analysis of Claim 1 in Clark III, it pointed out that on direct appeal (in Clark II) it had determined that, although Attorney Hathaway's alleged failure to adequately brief the due process/double jeopardy/vindictiveness claim resulted in that claim being waived, it nonetheless considered the claim on the merits under the applicable case law. (CP Dkt. No. 90, Clark III, No. 87 WDA 2009, slip op. at 4; see also CP Dkt. No. 49, Clark II, No. 2266 WDA 2006, slip op. at 3-5). The Superior Court in Clark III determined that Clark could not establish that any ineffectiveness

13

on Hathaway's part prejudiced him because in Clark II it had "noted for the sake of argument, that even if these claims were not waived *they would be found meritless*." (CP Dkt. No. 90, Clark III, No. 87 WDA 2009, slip op. at 4). It further explained:

> On direct appeal, this Court noted: "Apparently, Appellant is attempting to raise a vindictiveness claim which is actually grounded upon the due process clause rather than the double jeopardy provision." Clark [II], supra at 3. Indeed, the [Commonwealth v. Robinson, 931 A.2d 15 (Pa.Super. 2007)] Court specifically found that claims of vindictiveness in sentencing do not implicate double jeopardy. Id. at 20 n.4. The issue here can be disentangled by noting simply that although counsel failed to cite legal authority in support of the constitutional violation claim, such an assertion does not provide grounds for relief, because as the United States Supreme Court has held, longer terms may be imposed on resentencing provided supporting criteria are advanced. See, e.g., Texas v. McCullough, 425 U.S. 134, 140 (1986). Consistent with this principle, Robinson, *supra*, has determined that although a presumption of vindictiveness applies in cases where a more severe sentence has been imposed after a first conviction is overturned on appeal, the presumption can be overcome "by point[ing] to objective information in the record justifying the increased sentence." Id. (citations and internal quotations marks omitted). Here, the Clark [II] panel on direct appeal recounted the of-record reasons for the increased sentence: Appellant's extensive criminal history at the time of the murder; his lack of successful rehabilitation in two juvenile treatment facilities; and the lack of provocation offered by the unarmed victim, who was shot in the back. Id. at 5.
>
> Although Appellant also argues that the court improperly relied on the facts surrounding the murder to justify the increased penalty, 42 Pa.C.S.A. § 9725 specifically requires that the trial court, in formulating its opinion on the necessity of total confinement, must consider "the nature and circumstances of the crime." Similarly, Section 9781(d) requires this Court to examine "the nature and circumstances of the offense" when reviewing the propriety of a sentence on appeal. The acts and circumstances of the offense, as well as the remaining factors considered by the court are quite sufficient to justify the increase which applies only to the minimum, not the maximum, term.

(Id. at 5-6).

The Superior Court's resolution of Claim 1 satisfies AEDPA's deferential standard of review under § 2254(d)(1). Clark cannot demonstrate that there is a reasonable probability that, but for Hathaway's allege ineffectiveness, the Superior Court in Clark II would have vacated his judgment of

14

sentence and ordered a remand. That is because the Superior Court in Clark II considered in the alternative the legal merit of his challenges and rejected them. Most importantly, Clark has failed to show that the Superior Court's application of Strickland was unreasonable under § 2254(d).

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying these standards here, jurists of reason would not find it debatable whether each of Clark's claims should be denied. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 11] be granted, that Claims 2 through 6 be dismissed with prejudice because they are

15

procedurally defaulted, and that Claim 1 be denied on the merits. It is further recommended that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: May 23, 2011

cc: The Honorable Maurice B. Cohill
      Senior United States District Judge