IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN MEESHAR CLARK, )
)
Petitioner, )
)
vs. ) Civil Action No. 10-204 Erie
)
JON FISHER, et al., )
)
Respondents. )

# MEMORANDUM ORDER

Petitioner Shawn Meeshar Clark's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF #1] was received by the Clerk of Court on August 20, 2010, and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Rule 72.D of the Local Rules for Magistrate Judges. In the petition, Clark raises the following claims:

| | |
|---|---|
| Claim 1 | "Ineffectiveness of counsel for failing to challenge resentencing as constitutionally unsound and for double jeopardy and vindictiveness of trial court." |
| Claim 2 | Prosecutorial misconduct: "prosecution made inflammatory comments, vouched for witness, and withheld a deal for leniency with a prosecution witness." |
| Claim 3 | "Ineffectiveness of counsel ... for failing to call several defense witnesses who would have testified that Petitioner had nothing to do with the crime which occurred, in direct opposition to the Commonwealth witness." |
| Claim 4 | "Counsel failed to argue that Petitioner's conviction for aggravated assault was unfounded in law" because there was an absence of malice, which is an element of that offense. |

> Claim 5 "Trial counsel failed to introduce evidence of a body wire worn by Petitioner's close friend showing that Petitioner's own words proved his innocence."
>
> Claim 6 "Trial counsel failed to let Petitioner testify on his own behalf, improperly advising him not to testify, due to trial counsel's supposed belief that Petitioner had a prior murder conviction. Petitioner has no prior murder convictions."

[ECF #1 at 5-16].

On October 15, 2010, Respondent District Attorney of Erie County filed a "Motion to Dismiss Petition for Writ of Habeas Corpus on Behalf of Respondent District Attorney of Erie County." [ECF #11]. Clark did not file a response to the Motion to Dismiss his petition.

The magistrate judge's Report and Recommendation [ECF #13], filed on May 23, 2011, recommended that the Respondent's Motion to Dismiss be granted, that Claims 2 through 6 of Clark's petition be dismissed with prejudice because they are procedurally defaulted, that Claim 1 of the petition be denied on the merits, and that a certificate of appealability be denied.

Originally the parties were permitted until June 9, 2011 to file objections to the Report and Recommendation. Clark filed several motions for extensions, and the Court permitted him to file his objections on or before October 31, 2011. On that date, he filed a document that he entitled "Objections to Magistrates Report and Recommendation" [ECF #19]. However, in this document he raises no specific objections to the magistrate judge's Report and Recommendation.[1] Instead, he raises the following new claims, which he admits he did not set forth in the petition:

---

[1] Pursuant to Local Rule 72.D.2, if Clark had objections to the magistrate judge's Report and Recommendation, he was to "specifically identify the portions" of the Report and Recommendation to which he objected "and the basis for such objections." He did not do so in the document that he filed with this Court that he calls his "objections." [See ECF #19]. In that document, he raises new claims and he does not address the findings of the magistrate judge.

2

– "[b]oth his former counsel were ineffective for failing to preserve for appeal the issue whether his sentences for aggravated assault, possession of a firearm and corruption of a minor, were illegal because those sentences were supposed to merge for sentencing purposes." [ECF #19 at 2];

– the sentencing court was not permitted to resentence him in the aggravated range because in its original sentence it did not list any aggravating factors [ECF #19 at 5-6];

– the sentence imposed violated the "clear mandates" of 42 Pa.C.S. § 2154 and the sentencing guidelines. [ECF #19 at 6-8];

– the crimes upon which he was convicted should have merged for sentencing purposes [ECF #19 at 9];

– his sentence was inappropriate/illegal in that his presentence report score did not take into account that the offenses arose out of a single transaction (and his counsel should have raised this issue on appeal) [ECF #19 at 9-11];

– his resentencing violated 18 Pa.C.S. § 109, <u>When prosecution barred by former prosecution for the same offense</u> [ECF #19 at 12-14]; and,

– the sentencing court erred and abused its discretion in imposing a maximum term in excess of the applicable guideline range without stating "sufficient reasons on the record for it's [sic] substantial deviation from the standard sentencing range." [ECF #19 at 14].

The Court will not consider these claims because Clark did not raise them in his petition for a writ of habeas corpus. Claims raised for the first time in objections to a Report and Recommendation are not properly before the district court. See, e.g., Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived[.]"); United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992) (same); Williams v. Bd. of Prison Terms, 255 F.App'x 276, 277 (9th Cir. 2007) (declining to consider a claim that habeas petitioner had raised for the first time in his objections to the magistrate judge's report and recommendation); Bramson v. Winn, 136 F.App'x 380, 381-82 (1st Cir. 2005)

(habeas petitioner's challenge to the Bureau of Prisons collection of fine payments was waived "as it was raised for the first time in [the petitioner's] objections to the magistrate's report and recommendation."); Louder v. Patrick, No. 06-cv-617, 2007 WL 1576399 (W.D.Pa. 2007) (McVerry, J.) ("The rule is that 'issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'") (quoting Marshall, 75 F.3d at 1426); Ramos v. Kyler, No. 03-cv-2051, 2004 WL 828363, *4-5 (E.D.Pa. 2004) ("The majority of district courts in our circuit, as well as other circuit courts, that have addressed [the circumstance in which a habeas petitioner raises a new claim in objections] have concluded that such issues are not properly before the court, and thus are not to be addressed....[T]he purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful.") (quoting Bolar v. Blodgett, 29 F.3d 630 (Table), 1994 WL 374194, *1 (9th Cir. 1994)). Cf. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009) (district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but, rather, was first raised in the party's objections to the magistrate judge's report and recommendation).

When he filed his petition for a writ of habeas corpus in August of 2010, Clark used the standard form that is supplied by this Court. That form instructed him to "state every ground" for habeas relief. [See ECF #1 at 5, ¶ 12]. Likewise, Rule 2(c) of the Rules Governing Section 2254 Cases In the United States District Court and Local Rule 2254.B.2.b required Clark to raise all of his claims in his petition. Notwithstanding those clear pronouncements, in the petition that Clark filed [ECF #1] he failed to include the

new claims that he lists in his "objections," even though they were all available to him at the time. In the petition, Clark raises only the six claims outlined at the beginning of this Memorandum Order, and therefore those are the only claims that are properly before this Court. The magistrate judge recommended that the Respondent's Motion to Dismiss be granted, that Claims 2 through 6 of Clark's petition be dismissed with prejudice because they are procedurally defaulted, that Claim 1 of the petition be denied on the merits, and that a certificate of appealability be denied. Clark raises no specific objections to the magistrate judge's recommendation, and the new claims that he has set forth in his "objections" are not properly before the Court and they will not be considered.

Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation [ECF #13], the following order is entered:

AND NOW, this 30th day of November, 2011, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendation of Magistrate Judge Baxter [ECF #13], dated May 23, 2011, is adopted as the Opinion of the Court.

It is further hereby ORDERED, ADJUDGED AND DECREED that:
(1) Respondent District Attorney of Erie County's "Motion to Dismiss Petition for Writ of Habeas Corpus on Behalf of Respondent District Attorney of Erie County" [ECF #11] is GRANTED; (2) Claims 2 through 6 of Clark's petition for a writ of habeas corpus [ECF #1] are DISMISSED WITH PREJUDICE because they are procedurally defaulted; and (3) Claim 1 of the petition for a writ of habeas corpus [ECF #1] is DENIED on the merits.

It is further hereby ORDERED, ADJUDGED AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's Order granting

Respondent District Attorney of Erie County's "Motion to Dismiss Petition for Writ of Habeas Corpus on Behalf of Respondent District Attorney of Erie County" [ECF #11], dismissing with prejudice Claims 2 through 6 of Clark's petition for a writ of habeas corpus [ECF #1] because they are procedurally defaulted and denying on the merits Claim 1 of the petition for a writ of habeas corpus [ECF #1] because, for the reasons set forth in the accompanying Report and Recommendation [ECF #13], adopted by this Court as the Opinion of this Court, Clark has not "made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)." See also Third Circuit Local Rule 22.2 ("If an order denying a petition under § 2254 or §2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate [of appealability] references the opinion or report.").

The Clerk of Court shall mark this case CLOSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc:  counsel of record, and

   Shawn Meeshar Clark
   No. FW1716
   SCI Smithfield
   P.O. Box 999
   1120 Pike Street
   Huntingdon, PA 16652